UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THOMAS G. HOULAHAN,

        Plaintiff,

        v.

WORLD WIDE ASSOCIATION OF
SPECIALTY PROGRAMS AND
SCHOOLS, et al.,

        Defendants.

Civil Action 04-01161(HHK)

**MEMORANDUM OPINION**

Plaintiff, Thomas G. Houlahan ("Houlahan"), brings claims of intentional interference with prospective economic advantage, defamation, libel, and abuse of process against six defendants. Presently before the court is the motion of defendants World Wide Association of Specialty Programs and Schools ("World Wide") and Kenneth Kay for partial judgment on the pleadings as to Houlahan's claims of abuse of process and libel pursuant to Federal Rule of Civil Procedure 12(c) [Dkt #13]. Upon consideration of the motion, the opposition thereto, and the record of this case, the court concludes that the motion must be denied.

Defendants' motion is grounded on a faulty premise, that Houlahan is required to allege facts, which if proven, would entitle him to prevail. Such is not the standard. Rather, the standard of review for a motion brought under Federal Rule 12(c) is the same as that for a motion brought under Federal Rule 12(b)(6). *Dale v. Executive Office of the President*, 164 F. Supp. 2d 22, 24 (D.D.C. 2001). Under this standard, the complaint must be liberally construed in the

plaintiff's favor, and the court must consider the facts in the light most favorable to the plaintiff. *Id.*; *Does I through III v. District of Columbia and MRDDA*, 238 F. Supp. 2d 212, 216 (D.D.C. 2002). The motion should be granted only if "'[plaintiff] can prove no set of facts in support of [his] claim which would entitle [him] to relief.'" *Does I through III*, 238 F. Supp. 2d at 216 (citing *Beverly Enterprises, Inc. v. Herman*, 50 F. Supp. 2d 7, 11 (D.D.C. 1999)). Thus, while it is true that in order to prevail on his abuse of process claim Houlahan will have to show "'a perversion of court processes to accomplish some end which the process was not intended by law to achieve, or which compels the party against whom it has been used to do some collateral thing which he could not legally and regularly be compelled to do,'" *Wiggins v. State Farm Fire and Casualty Co.*, 153 F. Supp. 2d 16, 22 (D.D.C. 2001) (quoting *Washington Medical Ctr., Inc. v. Holle*, 573 A.2d 1269, 1285 (D.C. 1990)), he is not required to do so in order to survive a motion to dismiss. Likewise, while in order to prevail on his libel claim against World Wide, Houlahan will have to show*, inter alia*, that Wall was not an independent contractor, no such showing or allegation is required to survive defendants' motion.

Accordingly, it is this 22nd day of August, 2005, hereby

**ORDERED** that defendants' motion is **DENIED**.

Henry H. Kennedy, Jr.
United States District Judge